IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTER DIVISION



GARNER KEMP							PLAINTIFF

VS.								NO. 4:09cv60-TSL-LRA

FREDDIE LOUISVILLE, YRC, INC.,
ROADWAY EXPRESS INC., AND
JOHN DOES 1-20,						DEFENDANTS

## COMPLAINT
## JURY TRIAL REQUESTED

Comes now the plaintiff, Garner Kemp, by and through her attorney, and files this Complaint against the defendants Freddie Louisville, YRC, Inc., Roadway Express Inc. and John Does 1 through 20, and in support thereof would respectfully show unto the Court as follows:

1. Federal jurisdiction is based on diversity of citizenship of the parties, and the amount in controversy exceeds the sum on $75,000, exclusive of interest and costs.

2. The Plaintiff, Garner Kemp, is now and at all times mentioned in this complaint, an adult resident citizen of Meridian, Mississippi, who resides at 7702 Toomsuba Lauderdale Road, Toomsuba, Mississippi, 39364.

3. The defendant, Freddie Louisville, is now and at all times mentioned in the complaint, an adult resident citizen of Houston, Texas, who address is 5605 Bretshire Street, Houston, Texas, 77016.

4. Defendant YRC Inc., is a Kansas corporation authorized to do business in the state of Mississippi and may be served with process at the address of the registered agent,

CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi, 39232.

5. Defendant Roadway Express Inc., is a Kansas corporation authorized to do business in the state of Mississippi and may be served with process at the address of the registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi, 39232.

6. John Doe Defendants 1-20 are persons, corporations, limited liability companies, partnerships, and/or other entities whose identities are currently unknown, and thus are named as fictitious party defendants. The plaintiff will seek leave to amend this complaint and state their true names and capacities when their identities are ascertained. Plaintiff further alleges that the Defendants described as John Doe Defendants 1-20 were negligent and proximately responsible for the damages alleged in this Complaint, together with the named defendants.

7. On or about May 5, 2005, the plaintiff had exited Interstate 20 in Meridian, Lauderdale County, Mississippi, and had stopped his white 2000 Chevrolet 1500 at the intersection of the I-20 off-ramp and Highway 145 South. After the traffic signal governing his lane of travel turned green, the plaintiff began to cross the intersection. While plaintiff was crossing the intersection, defendant Freddie Louisville failed to keep the truck he was driving under control, failed to maintain a proper lookout, ran a red light and caused a collision with the plaintiff's vehicle. The defendant had a duty to operate his vehicle in a careful and prudent manner and he failed to do so by

negligently colliding with the plaintiff's vehicle. At the time of the accident, defendant Freddie Louisville was an agent or employee of defendant Roadway Express Inc., YRC Inc., and/or John Doe Defendants 1-20. Thus, Defendants Roadway Express Inc., YRC Inc. and/or John Doe Defendants 1-20 are liable for the acts and omissions of defendant Freddie Louisville.

8. The collision which occurred was due to the negligent, reckless, and illegal acts of the defendants and the unlawful and negligent acts of the defendants caused the collision and resulted in damages in the following respects:

   A. In failing to keep the vehicle he was operating under adequate and proper control;

   B. In failing to keep a proper or any lookout for other vehicles;

   C. In causing a sudden collision;

   D. In operating a vehicle without regard or precaution for other vehicles;

   E. In violating the laws and traffic regulations of the State of Mississippi.

   F. In operating a vehicle in a negligent and reckless rate of speed and manner considering all of the facts and circumstances then existing;

   G. In failing to yield the right of way to the vehicle which the plaintiff was operating;

   H. Other negligent, reckless and illegal acts to be shown at the hearing hereon.

9. The plaintiff, Garner Kemp, is entitled to recover from the defendants, whose negligence was both the actual and proximate cause of the collision which resulted

in personal injuries to the plaintiff, all of the damages allowable in the following manners and respects:

A. Past, present and future medical and related expenses;

B. Past, present and future physical pain, suffering and loss of enjoyment of living;

C. Past, present and future worry, anxiety, and mental and emotional distress;

D. Past, present and future disability;

E. All other damages to Plaintiff resulting from the accident, which was caused by Defendants.

WHEREFORE, PREMISES CONSIDERED, the plaintiff, Garner Kemp, prays for judgment against the defendants, Freddie Louisville, YRC Inc., Roadway Express, Inc., and John Does 1 through 20, individually and severally, in an amount of $100,000.00, together with all costs of this proceeding.

Respectfully submitted, THIS, the ___29th___ day of April, 2009.

GARNER KEMP

BY: _____
JOE CLAY HAMILTON

JOE CLAY HAMILTON
MS STATE BAR NO. 2973
jchamilton@thehamiltonlawfirm.com
THE HAMILTON LAW FIRM, P.L.L.C.
911 26th Avenue
Post Office Box 1511
Meridian, MS 39302-1511
(601) 693-5548
(601) 693-2949 (fax)