IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GARNER KEMP**                                                                                                       **PLAINTIFF**

**VS.**                                                                                                          **NO. 4:09cv60-TSL-LRA**

**FREDDIE LOUISVILLE, YRC, INC.,**
**ROADWAY EXPRESS INC., AND**
**JOHN DOES 1-2**                                                                                              **DEFENDANTS**

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
### YRC INC. TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant YRC, Inc. ("YRC"), by and through counsel, and files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12 (b)(6).

### SECOND DEFENSE

Plaintiff may have failed to join indispensable parties in order to properly adjudicate the present matter, as set forth by FED. R. CIV. P. 12 (b)(7) and 19.

### THIRD DEFENSE

Plaintiff's Complaint and claims may be barred under the doctrines of accord and satisfaction, assumption of the risk, estoppel, laches, waiver, release, election of remedies, payment and/or any and all applicable statute(s) of limitation or statute(s) of repose.

## FOURTH DEFENSE

If Plaintiff was injured and/or damaged, those injuries and/or damages were proximately caused or contributed to solely by the negligent and/or intentional acts, wrongs, or omissions of Plaintiff, or other persons, entities, forces, or things over which YRC had no control and/or for which YRC is not responsible. As to all such persons, including those not named as a party to this litigation, YRC pleads the apportionment and other provisions of MISS. CODE ANN. § 11-7-15 and MISS. CODE ANN. § 85-5-7.

## FIFTH DEFENSE

Plaintiff was comparatively and/or contributorily negligent, and Plaintiff's recovery and YRC's liability, which is denied, should therefore be barred and/or diminished in proportion to the comparative and/or contributory negligence attributable to Plaintiff.

## SIXTH DEFENSE

Plaintiff had, and continues to have, a duty to mitigate his damages and/or injuries, if any, and YRC is not liable to Plaintiff for any damages and/or injuries caused or contributed to by Plaintiff's failure to mitigate.

## SEVENTH DEFENSE

Plaintiff's damages and/or injuries, if any, were caused by intervening and/or superseding causes over which YRC had no control and is thus not liable.

## EIGHTH DEFENSE

Plaintiff's damages and/or injuries, if any, were exacerbated by or are the consequence of pre-existing physical, medical, and/or mental conditions.

## NINTH DEFENSE

To the extent Plaintiff has settled or should hereafter settle for any of the alleged injuries and/or damages with any other party or any non-party, then YRC is entitled to a credit and set-off in the amount of said settlement and/or for the amount of the settling parties' allocated percentage of fault.

## TENTH DEFENSE

YRC committed no act that proximately caused or contributed to any alleged damages and/or injuries sustained by Plaintiff, if any; YRC breached no legal duty owing to Plaintiff, if any; YRC caused Plaintiff to sustain no damages and/or injuries whatsoever; and YRC demands that the suit filed against it be dismissed with all costs taxed to Plaintiff.

## ELEVENTH DEFENSE

Plaintiff's damages and/or injuries, if any, may be barred by and/or diminished by the doctrine of avoidable consequences.

## TWELFTH DEFENSE

Plaintiff's damages and/or injuries, if any, resulted from unforeseeable or unavoidable circumstances and causes that could not have been prevented by YRC.

## THIRTEENTH DEFENSE

Plaintiff had the last clear chance to avoid the accident that is the subject of this action, and therefore Plaintiff's Complaint should be dismissed with prejudice.

## FOURTEENTH DEFENSE

YRC did not do, nor fail to do, anything that caused or contributed to the alleged injuries and/or damages set forth in Plaintiff's Complaint.

### FIFTEENTH DEFENSE

YRC denies all allegations of Plaintiff's Complaint that have not been expressly admitted herein.

### SIXTEENTH DEFENSE

YRC hereby gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, including those defenses set forth in FED. R. CIV. P. 8(c) and 12, and hereby reserve its right to amend this Answer to assert any such defense. YRC also reserves its right to assert other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a State other than the State of Mississippi.

### SEVENTEENTH DEFENSE (ANSWER)

Without waiving the above and foregoing affirmative defenses or any other applicable defenses, Defendant YRC Inc. answers Plaintiff's Complaint, paragraph by paragraph, as follows:

1. YRC admits that there is diversity of citizenship between the parties to this litigation, and that Plaintiff has demanded $100,000.00 in the *ad damnum* clause of his Complaint. On this basis, YRC admits that jurisdiction is proper in this Court. YRC denies the remaining allegations contained in paragraph 1 of Plaintiff's Complaint, denying that Plaintiff is entitled to the recovery of any relief whatsoever from YRC, and demanding strict proof thereof.

2. Upon information and belief, YRC admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Upon information and belief, YRC admits that, at the time of the accident that forms the basis of this litigation, Defendant Freddie Louisville was an adult resident citizen of Houston, Texas, whose address was 5605 Bretshire Street. YRC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of Plaintiff's Complaint, therefore same are denied.

4. YRC admits the allegations contained in paragraph 4 of Plaintiff's Complaint, except to specifically deny that it is a Kansas corporation.

5. YRC admits the allegations contained in paragraph 5 of Plaintiff's Complaint, except to specifically deny that Roadway is a Kansas corporation.

6. YRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint, therefore same are denied.

7. Upon information and belief, YRC admits that on May 5, 2006, Freddie Louisville was involved in a motor vehicle accident at the intersection of Highway 145 South and the I-20 off-ramp. YRC further admits, upon information and belief, that Plaintiff was also involved in this same motor vehicle accident. YRC denies that Freddie Louisville was its employee on the date of or at the time of said motor vehicle accident; rather, Freddie Louisville was employed by and with Roadway Express International, Inc. at the time of the accident. YRC denies the remainder of the allegations contained in paragraph 7 of Plaintiff's Complaint, specifically denying any and all liability in the premises, and demanding strict proof thereof.

8.     YRC denies the allegations contained in paragraph 8 of Plaintiff's Complaint, including subparts A. through H., specifically denying any and all liability in the premises, and demanding strict proof thereof.

9.     YRC denies the allegations contained in paragraph 9 of Plaintiff's Complaint, including subparts A. through E., specifically denying any and all liability in the premises, and demanding strict proof thereof.

Defendant YRC Inc. also denies the allegations contained in the final, unnumbered paragraph of Plaintiff's Complaint beginning with "WHEREFORE, PREMISES CONSIDERED," and denies that Plaintiff is entitled to a judgment against, or the recovery of any relief whatsoever from, Defendant YRC.

Defendant YRC Inc. now prays that this Answer and Affirmative Defenses be deemed good and sufficient and that after due proceedings are had, there be a judgment in its favor, with full prejudice and at Plaintiff's costs.

RESPECTFULLY SUBMITTED, this the 20th day of August, 2009.

**YRC INC.**

By: /s/R. Jarrad Garner
    R. Jarrad Garner (MSB # 99584)
    Jared P. Carrubba (MSB # 102904)
    Adams and Reese LLP
    111 East Capitol St., Ste. 350
    P. O. Box 24297
    Jackson, MS  39225-4297
    Phone: (601) 353-3234
    Facsimile:  (601) 355-9708

## CERTIFICATE OF SERVICE

    I, R. Jarrad Garner, do hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following:

Joseph Clay Hamilton
R. Kevin Hamilton
Stephen P. Wilson
The Hamilton Law Firm
911 26th Avenue
P. O. Box 1511
Meridian, MS  39302-1511

This the 20th day of August, 2009.

                                      s/R. Jarrad Garner
                                      R. Jarrad Garner